■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA MEHIA, Appellant. [672 NYS2d 121] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered July 11, 1996, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Schulman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied his motion to suppress evidence derived from his consent to search the suitcases which he transported from Los Angeles to New York. The record supports the hearing court's conclusion that Port Authority detectives possessed the "founded suspicion that criminal activity is afoot" (*People v De Bour,* 40 NY2d 210, 223) necessary to exercise the common-law right of inquiry based upon the information received from a Drug Enforcement Agent in Los Angeles, their own observations of the defendant's behavior upon his arrival in New York, and the defendant's responses to informational questioning (*see, People v Hollman,* 79 NY2d 181, 185). Accordingly, the defendant's consent to the detectives' request to look inside his luggage was not the product of an illegal police inquiry. Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MOORE, Appellant. [671 NYS2d 327] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered November 12, 1992, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the defendant was afforded meaningful representation (*see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.